Nichols v. Guthrie.

NICHOLS *v.* GUTHRIE *et al.*

(*Nashville.*  December Term, 1902.)

**1. WILLS. Construction of. Devise over. Class doctrine.**

A devise of lands to the testator's granddaughter for her natural life and at her death to be equally divided among her children then living, or the descendants of such children, comes within the class doctrine and only those children, or the descendants of children, living at the death of the life tenant would take the remainder estate. (*Post, pp.* 537, 538.)

Cases cited and approved: Satterfield *v.* Mayes, 11 Humph., 58; Womack *v.* Smith, 11 Humph., 483; Beasley *v.* Jenkins, 2 Head, 192; Connell *v.* McKenna, 2 Tenn. Cas., 190.

**2. REMAINDER. Devised to class, does not vest in individuals composing class.**

Where a testator devises land to his granddaughter for life and at her death to be equally divided among her children then living, or the descendants of such children, the remainder estate vests in the remaindermen, as a class, during the continuance of the estate for life, and does not vest in the individuals members of the class until the termination of the particular estate by the death of the life tenant. (*Post, pp.* 537, 538, 539.)

Case cited and approved: Satterfield *v.* Mayes, 11 Humph., 58.

**3. CONTINGENT REMAINDER. Not subject to execution, when.**

Where, under a will devising lands for life with remainder over, the interest of the remainderman is contingent on his being alive at the death of the life tenant, such contingent remainder interest, not being the subject of conveyance at common law, is not subject to execution and sale thereunder by a judgment creditor of the remainderman during the continuance of the life estate. (*Post, pp.* 537, 539-542.)

Nichols v. Guthrie.

**4. SAME. Whether subject to execution. Semble.**

"The weight of authority seems to be that a legal contingent remainder is not subject to execution." (*Post*, *p*. 541.)

Cases cited: Henderson *v*. Hill, 9 Lea, 34; Watson *v*. Dodd, 68 N. C., 528.

**5. SAME. Not rendered leviable by statute, when.**

Where, under a will, there is a devise of lands for life with remainder over to such members of a class as may be alive at the death of the life tenant, the statute, providing that the words "real estate," "real property" and "lands," include lands, tenements and hereditaments, and all rights thereto and interests therein, does not make the interest of such ramaindermen expectant on the death of the life tenant subject to execution, because such remainderman has no interest, legal or equitable, in the land levised until the termination of the life estate. (*Post*, *pp*. 537, 542.)

Code cited: Sec. 63 (S); 49 (M. & V.); 51 (T. & S. and 1858.)

**6. SAME. Conveyance of, by estoppel.**

A vendee, to whom has been conveyed the contingent remainder interest of a member of a class, in which is vested a remainder expectant upon the death of the life tenant, takes title against his vendor by estoppel, on the death of the life tenant. (*Post*, *pp*. 537, 542-543.)

---

FROM MAURY.

---

Appeal from the Chancery Court of Maury County. A. J. ABERNATHY, Chancellor.

JAMES A. SMISER, for Nichols.

W. S. FLEMING, for defendant Hoge.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The present case involves a controversy, growing out of the third clause of the will of Thomas Walker, made in 1852, which is as follows: "To my granddaughter, Elizabeth Sims, I give the tract of land on which she now resides, containing about one hundred acres, also another tract of about the same size adjoining William McLane . . . to have and to hold said property during her natural life, to be free from the debts, liabilities or contracts of her present . . . husband, and at her death all of said property is to be equally divided among the children of said Elizabeth then living, or the descendants of such children."

During the existence of the life tenancy of Elizabeth Sims, a judgment creditor of Walter Sims, who was a son of the life tenant, caused to be levied an execution upon his interest in the land, and, at the sale made under and by virtue of this levy, became the purchaser, and took from the sheriff a deed to the same. Whatever interest, if any, he acquired thereunder, was subsequently passed to one Hoge, who is defendant to this cause. After the levy, but before the sheriff's sale thereunder, Walter Sims aliened and conveyed all his interest in the same land to his sister, and she subsequently conveyed the same interest to one Nichols, who is one of the complainants in

this cause. The life tenant died after these various transactions,.and the present bill was filed for a partition, or a sale for partition, of this land. The only controversy in the case arises with regard to the Walter Sims interest.

The complainant Nichols insists that the levy and sale were ineffectual to vest any title or interest in the defendant Hoge, because of the fact that, at the date of such levy and sale, the interest of Walter Sims was a mere possibility or expectancy not subject to execution. His further insistence is that this expectancy, or possibility, could be alienated, and, as an alienee, he was substituted to all the right and interest of Walter. The converse of these propositions is maintained by the execution purchaser, Hoge.

1. We think it clear that the devise over, in this case, falls under the class doctrine or rule announced in *Satterfield* v. *Mayes,* 11 Humph., 58, and applied in *Womack* v. *Smith,* Id., 483 (54 Am. Dec., 51); *Beasley* v. *Jenkins,* 2 Head, 192, and *Connell* v. *McKenna,* 2 Shannon's Cases, 190; and that (omitting, for convenience of discussion, those designated as descendants of children dying during this life tenancy) only the children of Elizabeth living at her death would take the remainder estate.

2. This being so, where was this remainder during the life tenancy? If it vested, then in whom? An answer to these questions is distinctly given in *Satterfield* v. *Mayes,* supra, as follows: "That it vests in

the described class, as a class, and not individually in the persons comprising such class, and the entire subject of the gift survives to and vests in the persons constituting such class at the period when payment or distribution of the fund is to be made." That case was one of a legacy of slaves, or personal property, while the present involves a devise of realty, but the controlling principle in the two is the same.

The correctness of the answer thus given is essential to the class doctrine. For if the remainder, during the continuance of the particular estate, vested in the individual members of the class, the interests so vested would be transmissible, as in any other vested remainder, and thus would destroy or abrogate this doctrine altogether.

3. The interest of each member of the class being a mere possibility, ripening into a vested estate only upon the contingency of his being in existence at the time the antecedent estate falls in, is it subject to levy and sale by an execution creditor? Or assuming, as a number of the courts have held, that the effect of such a provision is to create a contingent remainder in each one of the class, then is this such an interest as can be reached by a judgment creditor?

At common law, where the person to take was certain, and the event only uncertain, the remainder was descendible, but this was otherwise where the person was uncertain, and only the event certain. Fearne, Rem., 534; 4 Kent, 262. On the point of the transmis-

sibility of a contingent remainder, Mr. Washburne, in the second volume of his work on Real Property (page 522), says: "For a long time, a contingent remainder was not supposed to be the subject of alienation, because it was rather a possibility than an estate, like the possibility of an heir at law, for instance, having the estate when his ancestor shall have died. But it is now settled that, where the contingency upon which the remainder is to vest is not in respect to the person, but the event, where the person is ascertained who is to take, if the event happens, the remainder may be granted or devised, and the grantee or devisee will come into the place of the grantor or devisor, with his chance of having the estate. But if the contingency is in the person who is to take, as where the remainder is limited to the heirs of one now alive, there is no one who can make an effectual grant or devise of the remainder."

Again, on page 549 of the same volume, as to a remainder, where the person to take is uncertain, he says: "At common law, before the contingency happens, contingent remainders can not be conveyed except by way of estoppel, though they are assignable in equity, since, theoretically, such a remainder is not an estate, but a mere chance of having one."

The present certainly falls within the class of cases where the event on which the contingency depends is certain, while the person to take on the happening of the event is uncertain. For which one, if any, of the

children of Elizabeth Sims would survive her, and then be capable of taking the remainder, was uncertain until her death occurred, and whatever interest either of these children had in the remainder was a pure expectancy.

It would seem, on principle, that such an interest or expectancy, not transmissible at common law, was beyond the reach of an execution creditor. Whether a contingent remainder of any kind can be subjected by a judgment creditor, may be regarded as an open question in this State, though in *Henderson* v. *Hill,* 9 Lea, 34, in the form of *dictum,* it is said: "The · weight of authority seems to be that a legal contingent remainder is not subject to execution"—citing Freeman on Execution, sec. 175.

Upon examination of the cases, we think it will be found that this statement, though a *dictum,* is correct. At least, such was the holding in *Watson* v. *Dodd,* 68 N. C., 528; *Haward* v. *Peavey,* 128 Ill., 430 (21 N. E., 503; 15 Am. St. Rep., 120) ; *Ducker* v. *Burnham,* 146 Ill., 9 (34 N. E., 558; 37 Am. St. Rep., 135) ; *Roundtree* v. *Roundtree,* 26 S. C., 450 (2 S. E., 474) ; *Young* v. *Young,* 89 Va., 675 (17 S. E., 470; 23 L. R. A., 642) ; *Jackson* v. *Middleton,* 52 Barb., 9.

*Moore* v. *Littcl,* 41 N. Y., 66, and *Woodgate v. Fleet,* 44 N. Y., 9, are cited as contra, but the first of these cases simply held that an interest, vested or contingent, is alienable during the continuance of the antecedent estate, while in the second the argument of the

court was mainly devoted to the determination of the question whether the remainder involved was contingent or vested.

But it is said that the effect of section 63 of Shannon's Code, which provides that the words "real estate," "real property," "lands," include lands, tenements and hereditaments, and all rights thereto and interests therein, equitable as well as legal, is to change the rule, and make an interest purely contingent as the one in question, subject to the claim of an execution creditor. We are referred to the case of *White* v. *McPheeters,* 75 Mo., 286, where, in construing a statute similar to ours, this view is expressed.

But if we are right in our holding that, during the life tenancy, the remainder in the property in question vested in the class as a unit, and not severally in the members of that class, then there is no room for the application of this statute, as in such case no member of the class has an interest which can fairly be called legal or equitable. On the other hand, if the other view obtains, that this was a mere possibility made, by reason of the contingency as to the person, the same results follow.

It results, therefore, that the execution purchaser, Hoge, took nothing by his purchase, while complainant Nichols, as alienee, if upon no other ground, upon that of estoppel, did acquire the interest of Walter Sims when it fell in upon the death of the life tenant.

Nichols v. Guthrie.

The decree of the court of chancery appeals is affirmed. The costs of appeal will be paid by defendant Hoge. The case is remanded to the chancery court of Maury county for further proceedings in accordance with this opinion.