Ford v. Hurt.

ROBERT S. FORD *et al. v.* R. A. HURT *et al.*

*(Jackson.* April Term, 1913.)

1. **REMAINDERMEN. Suit by sole existing contingent remaindermen as representatives of class that may take can maintain suit to protect estate and to annul fraudulent tax title.**

Where a testator devised land to a daughter for life, with remainder to be equally divided at her death among such of her children or their representatives as might survive her, or if she left no children or their representatives surviving her, then to the testator's heirs or distributees; and the daughter sold and conveyed the land to a third person by a deed in which her children, since deceased, joined; and thereafter such purchaser, with the design to defeat the remainder estate, purposely allowed the lands to be sold for taxes, with the payment of which he was charged by law, and caused the same to be purchased at the tax sale by his relative and agent, it was *held* that such daughter's grandchildren, as the sole existing contingent remaindermen representing the class that may take the remainder estate can maintain a bill to set aside such tax title and to protect the estate, whether they or others responding to the class at the death of the devisee for life shall actually take under the will; for, in this State, a remainder estate, though contingent, presently vests in the described class as a class, and they may protect the estate so vested, whether they or others shall actually take under the will.

Cases cited and approved: Satterfield v. Mays, 11 Hum., 58; Nichols v. Guthrie, 109 Tenn., 538.

2. **AMENDMENT. Certiorari disallowed as to overruling of demurrer may be allowed so as to grant amendment to bill.**

Though the court of civil appels reached the correct result in overruling the demurrer to the bill, yet the petition for *certiorari*

Ford v. Hurt.

will be allowed, to the end that the supreme court may decree
touching an amendment to the bill, prayed for by complainants,
and improperly disallowed by the chancellor.  (*Post, p.* 560.)

FROM MADISON.

Appeal from the Chancery Court of Madison County
to the Court of Civil Appeals, and by writ of *certiorari*
from the Court of Civil Appeals to the Supreme Court.
—N. R. BARHAM, Circuit Judge, sitting as Chancellor.

A. W. STOVALL, for complainants.

W. G. TIMBERLAKE, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

The bill in this case was filed by complainants, as the
sole existing claimants of a contingent remainder estate
in a valuable tract of land in Madison county, asserting
their said right under the will of their great-grandfather,
J. H. Day, subject to a life estate of their grandmother,
M. A. Ford, yet living, by which will the lands in ques-
tion were devised "at the death of Mary A. Ford to be
equally divided among such children or the representa-
tives of them as she may leave surviving her, and should
she leave no child or children or the representatives of
them surviving her, then the said property is to return
to my heirs or distributees."

The bill alleges that defendant Hurt had purchased
of the grandmother, life tenant, her estate, and that the

Ford v. Hurt.

parents of complainants (now deceased) joined in the execution of the deed of conveyance to Hurt.

It is further alleged that, in order to defeat complainants in their rights, defendant Hurt had purposely allowed the lands to be sold for taxes, which he as owner of the life estate should have paid, and had caused the property to be purchased at the tax sale, so induced, by Hurt's codefendant and relative and agent. The setting aside of the tax title is prayed, along with other relief.

Defendants demurred to the bill on the ground, among others, that complainants were not vested with such an interest in the lands as qualified them to maintain the bill of complaint, in that their interest disclosed is but a contingent one, a possible or probable one, that may never ripen into title to the lands. The circuit judge, sitting as chancellor, sustained the demurrer, his action was reversed by the court of civil appeals, and the cause is before us on petition for *certiorari* to review the decree of the last-named court.

The defendants rely upon the rule as laid down in Gibson's Suits in Chancery (2d Ed.), secs. 143, 144, to the effect that "complainant's interest must be a present, subsisting interest. A mere possibility, or even probability, of a future title or interest, will not be sufficient to sustain a bill." Mr. Gibson cites as authority 1 Daniell, Ch. Pr., 314; and the latter author, going more into detail in stating the rule, says: "But it must not be supposed that contingent remaindermen can, in no case, be complainants; for many cases (such as suits for the administration of, or to secure, the trust property

Ford v. Hurt.

to which they are contingently entitled) such persons may properly be complainants."

Certainly this should be the rule in this State, where the doctrine obtains that such a remainder, though contingent, presently vests in the described class, as a class (*Satterfield* v. *Mays*, 11 Humph., 58; *Nichols* v. *Guthrie*, 109 Tenn., 538, 73 S. W., 107); and complainants, as the only existing representatives of the class that may take, should be allowed to protect the estate so vested, whether they or others responding to the class at the death of the grandmother, M. A. Ford, shall actually take under the will.

The court of civil appeals reached the correct result in overruling the demurrer; but the petition for *certiorari* is allowed, to the end that this court may decree touching an amendment to the bill, prayed by complainants, and improperly disallowed by the chancellor.