## NANCY M. WALKER et al. v. S. F. WYNN et al.

Western Section. March 18, 1927.

Petition for Certiorari denied by Supreme Court June 11, 1927.

1. **Deeds.** A conveyance to one for life with remainder to her bodliy heirs, if any, if not, then to others, held to create a life estate only in the first taker.
    Where land was deeded to "W for and during her life and after her death to the heirs of her body, and in case she had no bodily heirs, then to my own living children," held that W took a life estate only, for the contingency could not happen until the death of the first taker.

Appeal from Chancery Court, of Lake County; Hon. V. H. Holmes, Judge.

Affirmed.

N. L. Scobey, of Newbern, and W. R. Landrum, of Trenton, for appellant.

J. L. Fry and T. O. Morris, of Memphis, for appellee.

HEISKELL, J. This is a suit brought by Nancy M. Walker and her husband, W. J. Walker, to have construed a certain deed and to have a declaratory decree fixing the rights of parties thereunder. The deed in question is as follows:

"Know all men by these presents that I, William J. Wynn, of the county of Lake and the State of Tennessee, for and in consideration of the natural love and affection that I have and bear for my daughter Nancy M. Walker, wife of W. J. Walker, of the county of Obion and State of Tennessee, have this day given and granted to the said Nancy M. Walker, for and during her life and after her death to the heirs of her body. In case she has no bodily heirs, then to my own living children, to the sole and separate use for life of the said Nancy M., she to enjoy the use, benefits, rents and profits, free from the control, disposition or directions of her said husband, the following discribed tract of land situated in Lake county, Tennessee, Dist. No. 2, said land bounded as follows, to-wit: Beginning at a stake being Luella Lamberts' northeast corner, running south (410) four hundred and ten poles to the corner in J. C. Harrises' line; thence east (68) poles sixty-eight poles, with mine and Harrises' line; thence north (410) four hundred and ten poles to my north boundary line between me and James Jones; thence west (68) sixty-eight poles to the beginning, containing by estimation one hundred and seventy-three acres (173), more or less.

"To have and to hold the same to her, the said Nancy M. Walker, the heirs of her body or in case of no heirs of her body at her death to my own living children forever upon the condition above stated and I do hereby agree and bind myself my heirs and legal representatives to warrant and forever defend the title to said land to the said Nancy M. Walker at her death to her bodily heirs. In case there is no bodily heirs then to my own living children against the lawful claims and demands of all persons whomsoever. And this shall be full of share of my estate at my death.

"Witness my hand and seal, this 26th day of January, 1891.
"W. J. Wynn."

The defendants are the living children of W. J. Wynn and the heirs of such as have died, S. F. Wynn and Lucy J. Montgomery being the brother and sister of complainant, Nancy M.

It is the contention of complainants that said Nancy M. Walker has title in fee simple in the property so conveyed, while the defendants insist that she has only a life estate. The Chancellor decreed that the said Nancy M. Walker had only a life estate in the property conveyed to her by said deed, and declined to farther

adjudicate the rights of the parties. From this decree, complainants have appealed to this court.

It is not necessary to notice the facts or the assignments of error further. The sole question presented is whether Nancy M. Walker is entitled to said land in fee or for life only.

Complainants cite and rely upon two lines of cases. The one is: Vaughn v. Caton, 85 Tenn., 302; Meacham v. Graham, 98 Tenn., 203; Katzenberger v. Weaver, 110 Tenn., 620; Frank v. Frank, 120 Tenn., 570; Hoggatt v. Clapton, 142 Tenn., 187. The other line of cases is composed of: Owen v. Hancock, 1 Head, 563; Alston v. Davis, 2 Head., —; Petty v. Moore, 5 Sneed, 127; Nott v. Fitzgibbon, 107 Tenn., 55.

The doctrine invoked by appellant in the first group of cases is thus stated in the Katzenberger case:

> "It is an established rule in the construction of wills, that where a devise, or bequest, is made to a person with a gift over in case of the death of the devisee, or legatee, the gift over is contingent upon such devisee or legatee dying in the lifetime of the testator; therefore, where a devise, or bequest, is made to A, in case of his death, or if he die to B, A surviving the testator takes the estate devised absolutely."

In the first place these are all cases of the construction of wills, but passing this and conceding the same rule to apply to the construction of a deed, they are all cases in which, in the first instance an absolute estate was given to the devisee or legatee. No case is referred to in which this rule has been applied where a plain life estate was given. On the contrary, in two of this group of cases the opinion of the court is clearly indicated that the doctrine does not apply to a life estate but only where an absolute estate is given in the first instance.

In Meacham v. Graham, an absolute estate was first given to the daughter but it was contended that by a subsequent clause her estate was cut down to one for life. The court holds that this was not so, saying; "It is evident that the only purpose of trustees was to protect the estate first in case of minority and second in case of marriage. 'For and during her natural life' then merely defines the holding of the trustees if she marries, but is not intended to diminish her estate." If the rule is the same as to a life estate why should the court not have said so instead of entering into an elaborate discussion and decision of the question and holding that she took an absolute estate before holding the doctrine applicable that the limitation ever depended on her dying before the testator.

Frank v. Frank, is still more explicit on this point. In that case the sons took a fee in the first instance and the doctrine of

Vaughn v. Caton, was applied, but the daughters took a life estate only in the first instance and the doctrine did not apply to give them a fee.

Turning to the other class of cases relied on by appellant Alston v. Davis, 2 Head, 266, states the rule invoked in the present case thus:

> "When by a will, an absolute gift of property is made in the first instance, followed by a limitation over on the death of the devisee or legatee, the absolute gift is not taken away by the gift over, unless the gift over may itself take effect."

In Owen v. Hancock, 1 Head, 563, the same rule is applied where the legatee took a life estate in the first instance. In that case the provision of the will was: "I give to my daughter, Mary a negro girl Celia, during her lifetime and if she should die without heirs born of her body, the said negro girl and her increase to return to my estate and be equally divided among the rest of my children." Mary had children and the will made no provision for this contingency and the court held the testator's intention was to prevent the legacy going to strangers, but if the daughter should have children the reason for the limitation failed and presumably the testator intended the life estate to enlarge into a fee. We cannot see how the contention of appellant is aided by this case or by others in line with it. If we were dealing with a will and not a deed in the present case, the complainant has no children and the 1 Head, case holds that in this event the testator intended the limitation over to take effect and to limit the estate of the legatee to one for life. Besides, in the present case, complainant's own bill shows that the limitation over can take effect. It is not considered necessary to discuss other cases cited on this line such as Nott v. Fitzgibbon, 107 Tenn., 55, because the same distinction applies.

We do not think either group of cases cited and relied on for complainant supports her contention. Of the cases cited on behalf of defendants, it is considered necessary to refer to only one Williams v. Williams, 16 Lea, 164, and 3 Bax., 58. There were two cases involving the construction of the same will. One from Shelby and the other from Davidson county. The language of the will in that case was:

"I will and devise to my grandson, Melville Williams, during his life, and then to the heirs of his body by a legal marriage, and in the event of his death without such heirs, them to my residuary legatee and his heirs." This was held to give only a life estate. We do not see how to distinguish this language from that in the present case, "have given and granted to the said Nancy M. Walker for and during her life and after her death to the heirs of her

body. In case she has no bodily heirs then to my own living children.''

The language of these two instruments seem to import exactly the same meaning. If the language in the Williams case created only a life estate, the deed in the present case can do no more. It is, true the doctrine of Vaughn v. Caton, was not invoked in the Williams case but we have seen when the court was dealing with that doctrine and it was being pressed upon the court the doctrine was not applied when it was held that the will created only a life estate. Frank v. Frank, 120 Tenn., 570.

We have then the three types of cases. The Vaughn v. Caton type in which the testator is held to say I wish the devisee or legatee to have an absolute estate to be divested only in the event he dies without issue during my lifetime. The Owen v. Hancock type in which the testator is held to mean I wish the beneficiary to have the property. If she has children then to be her's absolutely but if she has no children I wish it to remain in my family. And third the Williams v. Williams type in which the testator says plainly and unambiguously I desire the first taker to have the property for life only and at her death I want it to go to her bodily heirs if any, if none then accordingly to a further limitation. Under this class of cases the contingency happens at the death of the first taker whenever it takes place. That is at the end of the life estate. If there are heirs they then take. If no heirs then there is nothing to prevent the limitation from taking effect in any event. The three classes of cases are distinct and this present case belonging to the third class is not affected or controlled by the other two.

The complainant, Nancy M. Walker, having only a life estate in said property is not interested in any further declaratory judgment or decree and the other parties are not seeking it. Perhaps no such decree could be rendered at the present time. All assignments of error are overruled and the decree of the Chancellor is affirmed.

Owen and Senter, JJ., concur.