EATON *et al. v.* KEATON *et al.*

(*Jackson,* April Term, 1945.)

Opinion filed May 5, 1945.

W. H. FISHER, of Memphis, and J. L. WHITE, and OTTO MILAM, both of Decaturville, for appellants.

ELMER L. STEWART, of Lexington, and Ross & Ross, of Savannah, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal arises from a bill filed in the Chancery Court of Decatur County which, among other aims, sought the construction of a clause in the will of Allie Young Griffin, which was probated in the County Court of Decatur County in 1921. The will was dated October 23, 1909, and the questioned clause is as follows:

"I hereby give and bequeath unto my husband, W. L. Griffin, the remainder of all personal property if any; and all lands that I may own or have an interest in at my death, during his lifetime and at his death to go to my brother and sister if they are living and if not then to go to all my brother's and sister's heirs as made and provided by the laws of Tennessee."

It is not questioned that the surviving husband, W. L. Griffin, was alive at the time the bill was filed, nor that he took a life estate at his wife's death in her real estate which he conveyed to the defendant, W. A. Tranum, in 1922. It is so alleged in the bill. At the time of the death of the testatrix, she had a living brother, Val Young, and a living sister, Elnora Young Houston. The complainants are the children of Val Young, who has died since 1921, and the defendants are all the other relatives of the testatrix and their transferees who have any property interest or claim in a farm of 130 acres, which was apparently the only real estate devised by the testatrix.

The bill sought a declaration of rights, the cancellation of certain deeds as clouds on complainants' title and the sale of the farm for partition.

The first and essential question for determination is whether at the time the bill was filed in 1937, the life tenant being still alive, the complainants had a present interest to justify the filing of the bill.

After the hearing which was, on motion of complainants, held on bill, demurrers and answers, the chancellor decreed that the interest of complainants, if any, is contingent, that the persons who will take the remainder can only be determined at the time of the death of the life tenant, and he, therefore, dismissed the bill as prematurely brought.

The only error presented on the appeal is an assignment that this decree of the chancellor was erroneous.

█ We think the chancellor was clearly right in holding that the interest of complainants, if any they have, is contingent. The will speaks from the death of the testatrix. At the time of her death in 1921, there were surviving her, a brother, Val Young, and a sister, Elnora Young Houston. Under the language of the will they took at the time of the death of the testatrix, no present or vested interest in the estate. As will be seen from the clause of the will quoted above, the time fixed to determine whether the brother and sister should take, was at the death of the life tenant. If, at that time, the brother and sister are not living, then the real estate devised by the testatrix goes to "all my brother's and sister's heirs as made and provided by the laws of Tennessee." Clearly the right and interest of the complainants, which is no greater nor other than that which they take through their deceased father, Val Young, is a contingent interest so long as the life tenant is alive. Such being the

case, the complainants have no right to file a bill for partition. 31 C. J. S., Estates, page 114, Sec. 98; 30 Cyc. 145.

There is no allegation in the bill of any present permanent injury to a possible future estate of complainants such as the commission of waste or the failure to pay taxes, which would justify their filing the bill as members of a class. *Satterfield* v. *Mayes*, 30 Tenn. 58; *Nichols* v. *Guthrie*, 109 Tenn. 535, 538, 73 S. W. 107; *Ford* v. *Hurt*, 127 Tenn. 557, 155 S. W. 927.

"A mere possibility, or even probability, of a future title or interest will not be sufficient to sustain a bill: the title or interest must be present, actual and existing." Gibson's Suits in Chancery (1937 Ed.), sec. 143.

The assignment of error is accordingly overruled and the decree of the chancellor is affirmed at the cost of the appellants.