TIPTON *et al. v.* WYNN *et al.*

(*Jackson*, April Term, 1954.)

Opinion filed May 21, 1954.

MILES & MILES, of Union City, for appellants.

J. B. AVERY, JR., of Alamo, L. L. FONVILLE, of Jackson, and W. H. FISHER, of Memphis, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Chancellor sustained the demurrer of the defendants to complainant's bill and dismissed the bill. This appeal resulted.

The complainants below, being certain heirs and next of kin of William J. Wynn, deceased, brought suit for partition and a declaration of the rights of the parties in a 173 acre tract of land in Lake County against certain other heirs and next of kin of William J. Wynn, and by amended bill added Lambuth College as an additional defendant, it having been deeded a part of the land in question the day before the original bill was filed in the cause. The sole question is the construction of a deed executed by William J. Wynn, January 26, 1891, granting to his daughter, Nancy M. Walker, an estate for life in the described lands, in these words, to wit: "for and during her life and after her death to the heirs of her body. In case she has no bodily heirs, then to my own living children."

Of the six children of William J. Wynn, including said Nancy M. Walker, who were living at the date of the deed,

only Samuel F. Wynn, the grantor to Lambuth College, was living when Nancy M. Walker died, without bodily heirs, May 14, 1953.

The Chancellor construed the deeds as creating an alternate contingent remainder, the effect of which awaited the death of the life tenant, Mrs. Walker, and at which time the second branch of the remainder became effective and the identity of the takers thereunder was determined as of the date of the death of Nancy M. Walker; and that Samuel Wynn, being the only child of the grantor living, took the fee simple title.

The complainant's bill is based upon the theory that the remainder was vested in the second branch upon the execution of the deed and applied to the children of the grantor living at the date of the deed, and such interests have passed by descent to the complainants.

The present deed was before the court in *Walker* v. *Wynn*, 4 Tenn. App. 572, certiorari denied by the court in which cause the court held that the deed in question created a life estate in Nancy M. Walker, and the court in that case denied the contention of Mrs. Walker that she took a fee.

■ ■ We think it clear that it was the intention of the grantor that the taker, or takers, of the fee were to be determined not at the date of the deed in question, but at the date of the death of the life tenant. See *Eaton* v. *Keaton*, 182 Tenn. 425, 187 S. W. (2d) 619; *Denison* v. *Jowers*, 192 Tenn. 356, 241 S. W. (2d) 427.

It results that we find no error in the decree of the Chancellor sustaining the demurrer to complainant's bill.