CRIPPLED CHILDREN'S HOSPITAL SCHOOL and JOSEPH M. BEARMAN et al., Appellees, v. NINA CAMATSOS, A Non-Resident of the State of Tennessee and a Resident of the Town of Mytilene, Country of Greece, Appellant. —349 S. W. (2d) 178.

Western Section. June 23, 1960.

Rehearing Denied July 26, 1960.

Certiorari Denied by Supreme Court October 7, 1960.

618

R. L. Pearson and Charles H. O'Brien of Pearson, Sabella & O'Brien, Memphis, for appellant.

Lovick P. Miles, Jr., Caruthers Ewing, Memphis, for appellees.

CARNEY, J. The defendant below, Mrs. Nina Camatsos, appeals from an order of the Chancery Court of Shelby County, Tennessee, refusing to set aside a pro confesso and refusing to permit her to answer the original and amended bill of complainants. In addition, she appeals from a final decree of the Chancery Court adjudging on the basis of the pro confesso that she exercised fraud and undue influence upon her late husband, John George Camatsos, and thereby procured from him deeds to two valuable parcels of real estate located in Shelby

County, Tennessee. The Chancellor set aside the deeds and divested title out of the appellant, Mrs. Camatsos.

John George Camatsos, aged 69, was a naturalized citizen of the United States and had been a resident of the City of Memphis for many years. Mr. Camatsos was on an extended visit to Greece at the time of his death on September 28, 1958. During the years he had acquired the two parcels of real property in Memphis of a value of approximately $50,000.

Prior to leaving Memphis in September, 1956, for his visit to his hometown, Mytilene, Greece, Mr. Camatsos had his longtime friend and attorney, Mr. Joseph M. Bearman, of Memphis prepare for him his last will and testament which was executed by Mr. Camatsos and left with Mr. Bearman for safekeeping. Mr. Bearman was named executor in this will.

Mr. Camatsos had married Nina Camatsos on one of his former trips to Greece. She was much younger being now about 35 years of age. She came to Memphis shortly after their marriage where she lived with him for a short time and later returned to Greece to make her home.

By the terms of the will executed on May 14, 1956, hereinafter referred to as the Bearman will Mr. Camatsos bequeathed one-third of his gross estate to his wife, the appellant, and the remainder he disposed of by specific gifts. A complete list of his bequests is as follows:

| | |
|---|---|
| Joseph M. Bearman, Petitioner | $1,000.00 |
| Mrs. Marigo Hadjiyani, of Mytilene, Sister | 1,000.00 |
| Erifili P. Karavataki of Mytilene, 6 years old | 1,000.00 |
| Theodoros P. Karavataki of Mytilene, 18 yrs. old | 500.00 |
| Eleni P. Karavataki, of Mytilene, Nephew's wife | 1,000.00 |

| | |
|---|---:|
| Kapiopi G. Bani of Mytilene, 7 yrs. of age | 1,000.00 |
| Nikos Voulgarelis of Mytilene, 8 yrs. of age | 500.00 |
| Penelope Solaki of Mytilene, niece | 500.00 |
| Nirsini Emanouel of Mytilene, niece | 500.00 |
| Paraskeva P. Camatsos, Mytilene, nephew | 50.00 |
| Elias Kiriagis of Mytilene, nephew | 1,000.00 |
| Panagiotis D. Kamatsos of Mytilene, 8 yrs. old | 500.00 |
| Laki Makris of Mytilene, 12 yrs. of age | 1,000.00 |
| Eugene J. Bearman, Memphis | 500.00 |
| Mrs. Elizabeth Evans, Memphis | 250.00 |
| Crippled Children's Hospital of Memphis | 1,000.00 |
| The School of Mytilene, Papados, Greece | 1,000.00 |
| The Church of Mytilene, Papados, Greece | 500.00 |
| The School of Mytilene, Scopelos, Greece | 2,500.00 |
| The Church of Mytilene, Scopelos, Greece | 500.00 |
| The Tuberculosis Sanitarium of Mytilene, Ayasso, Greece | 2,500.00 |
| Bostanion Hospital of Mytilene, Greece | 1,000.00 |
| Le Bonheur Children's Hospital, Memphis | 500.00 |
| Greek Orthodox Church and School of Memphis | 1,000.00 |
| Memphis Heart Association, Inc. | 500.00 |
| Memphis Cancer Society, Inc. | 500.00 |
| Memphis-Shelby County Chapter of the National Foundation of Infantile Paralysis | 500.00 |
| National Multiple Sclerosis Research Foundation of New York | 500.00 |
| The Church Magdalini of Mytilene, Scopelos, Greece | 500.00 |
| Antonios G. Voyatjis of Mytilene | 600.00 |
| Attorneys Antonios G. Voyatjis and son, George Voyatjis, of Mytilene, Greece. as Trustees for the benefit of the poor and needy in Spocelos and Papados | Rest and Residue |

The two deeds which are the subject of this litigation were executed by Mr. Camatsos in Greece on July 1, 1958, and conveyed the real estate in Memphis to his wife, the appellant, in fee simple. These deeds were forwarded and filed for record in the Register's office of Shelby County on October 8, 1958, after the death of Mr. Camatsos on September 28, 1958.

In addition to claiming title to the real estate under said two deeds, the appellant, Nina Camatsos, contends that on or about November 23, 1957, her husband, John George Camatsos, in Greece executed another will revoking the Bearman will dated May 14, 1956, and leaving all of his property to her in fee simple.

Shortly after the death of Mr. Camatsos, Joseph M. Bearman as executor of the will dated May 14, 1956, filed a petition in the Probate Court of Shelby County seeking probate thereof in solemn form.

On December 11, 1958, the Crippled Children's Hospital School filed its original bill in the present cause in behalf of itself and other legatees under the Bearman will averring that the Bearman will had been offered for probate; that Mr. Camatsos left an account in a Memphis bank of approximately $1,200; that the defendant, Edward LeMasters Co., Inc., the rental agent, had in its possession approximately $800 arising from rentals collected from the real estate since the death of Mr. Camatsos and further averring that Nina Camatsos had obtained the two deeds to the parcels of real estate from her husband by fraud and undue influence.

The bill further averred that Mrs. Camatsos had expressed an intention to mortgage or otherwise encumber the real estate. Prayer was made that the court enjoin

the payment of any funds over to Mrs. Camatsos and also that the two deeds be set aside.

Publication was had upon Mrs. Camatsos as a nonresident. When she came to Memphis the bill was amended and injunction sought against Mrs. Camatsos' encumbering or disposing of the property. Personal service of process was had on her February 7, 1959. Mrs. Camatsos retained an attorney, Mr. George E. Morrow, and on February 16, 1959, a consent order was entered modifying the injunction so that Nina Camatsos could withdraw the sum of $500 for living expenses.

On March 4, 1959, Mr. Joseph M. Bearman who was named as executor in the so-called Camatsos-Bearman will filed an intervening petition averring that in addition to being named executor in the will he was also a legatee under Item V of the same. This petition averred that Mrs. Camatsos had conspired with her former husband to hold Mr. Camatsos incommunicado from his friends and relatives in Greece and that she had contributed to his death by administering drugs to him all with the evil design to obtain all of his property.

Mr. Bearman prayed for the same relief that the original complainant had prayed, namely for injunctions and that the two deeds be set aside.

Personal service was again had on Mrs. Camatsos and she was ordered to answer the intervening petition of Mr. Bearman on March 16, 1959. She failed to file an answer within the required time and on April 2, 1959, a pro confesso was entered against her.

Mrs. Camatsos changed lawyers and on July 8, 1959, another consent order was entered in the cause allowing

her to withdraw an additional $1,000 for her living expenses pending the trial. Again on August 5, 1959, she was, by consent, allowed to withdraw $1,000.

On September 10, 1959, another consent order was entered allowing Mrs. Camatsos to withdraw $500. During all this time no effort was made to set aside the pro confesso. On September 28, 1959, Mrs. Camatsos filed a petition seeking to have the judgment pro confesso set aside and to be allowed to file an answer. The Chancellor overruled this motion.

On October 24, 1959, consent order was entered authorizing Mrs. Camatsos to withdraw the sum of $300 in cash and authorizing the payment to her of $150 per month for a period of six months beginning November 1, 1959, and on the first day of each month thereafter through April 1, 1960, with the understanding that such sums were to be charged against the ultimate share of Nina Camatsos in the estate of John G. Camatsos in the event the property was found to belong to his estate.

On November 20, 1959, the Chancellor entered the final decree on the pro confesso divesting title to the two lots out of Mrs. Nina Camatsos and setting aside the two deeds. Mrs. Camatsos appealed to this court.

On or about April 13, 1960, this court entered an order continuing the payments of $150 per month to Mrs. Camatsos out of the funds impounded in this cause.

By appropriate assignments of error the appellant insists: (1) That His Honor the Chancellor was in error in failing to set aside the pro confesso and in failing to permit her to file an answer and, (2) that the original bill of the complainant, Crippled Children's Hospital

School, and the intervening petition of Joseph M. Bearman do not show such a present subsisting interest in the property involved in this litigation as will entitle either of them to the relief sought.

The appellant cites and relies principally upon statements from Gibson's Suits in Chancery, 5th Edition, Sections 150 and 151. From Section 151 we quote as follows:

"The complainant must not only show that he has some interest in the subject matter of the litigation, but that he has such a title to it as against the defendant as gives him the right to sue the latter. Thus, a distributee has an interest in the personalty left by his intestate, yet he cannot sue for its recovery, nor compel a debtor of his intestate to pay the debt to him, because there is no such privity between the distributee and the intestate as will authorize the former to sue a debtor of the latter. The personalty representative is the only person who can bring such suits. He only being the privy of the intestate, and entitled to sue for his personalty, or for the debts due him. So, a person named as executor has an interest in all the personal property of his testator; but until he had probated the will, he has no right to sue for such property; for, until he properly qualifies as executor, there is no privity between him and his testator."

In our opinion this assignment of error is well-taken. The complainants do not have a present vested interest in said property superior to that of the defendant, Nina Camatsos, regardless of how evil her conduct may have been. Complainants are not even legatees of the estate of John G. Camatsos and will not be until the

proceeding for the probate of the Bearman will is ultimately concluded successfully.

The Probate Court has certified the cause to the Circuit Court of Shelby County for a trial devisavit vel non. If, at some future date, the validity of the Bearman will is sustained then the complainants will be entitled to their legacies under the will of Mr. Camatsos. Assuming that the assets of the estate will be insufficient to pay all the expenses and legacies as now seems the case, the executor directly and the legatees indirectly will then be in a proper position to contest the legal title of the defendant, Nina Camatsos, in and to said lots on the grounds that she illegally procured title to said lots from John G. Camatsos by fraud and undue influence.

If on the other hand the contest of the Bearman will is ultimately successful and the Bearman will of Mr. Camatsos is not admitted to probate then none of these complainants will have any interest in the two lots involved in this litgation. Hence, the assignment of error must be sustained.

Therefore, we hold that His Honor the Chancellor was without jurisdiction to set aside the deeds on the grounds of fraud and undue influence and without jurisdiction to divest the title to said lots out of the appellant. This portion of the Chancellor's decree will be reversed and this portion of the prayer of complainants' bill will be stricken. For the same reason the pro confesso entered against the appellant will be set aside.

However, it does not follow as insisted by the solicitors for appellant that the original and amended bill of complainants should be dismissed. These complainants have a possible future interest in the estate of

Mr. Camatsos, deceased; there has been no executor qualified nor administrator ad litem appointed to see to the preservation of the estate. Unless legally restrained from so doing there would be a strong temptation to the appellant, Mrs. Camatsos, to dispose of the two parcels of real estate and go back to Greece without ever going to trial on the validity of the Bearman will or the validity of her deeds to the real estate.

Under these circumstances we think a court of equity should impound all of the property in dispute and hold the same until the complainants' rights as executor and legatees of Mr. Camatsos have been determined. Eaton v. Keaton, 182 Tenn. 425, 187 S. W. (2d) 619; Ford v. Hurt, 127 Tenn. 557, 155 S. W. 927.

An administrator ad litem and/or a receiver should be appointed but it is the opinion of this court that such officer or officers should be appointed by and act under the instructions of the court below rather than this court. T. C. A. sec. 30-312; Gibson's Suits in Chancery, 5th Edition, Sections 946 and 947.

The Chancellor allowed the sum of $500 as fees for the solicitors for complainants for their services in the court below. This court voices no opinion as to the reasonableness or unreasonableness of the amount of this fee. However, since we have reversed the action of the Chancellor in divesting title, we think an award of attorneys' fees at this time would be improper. Subsequent events may prove Mrs. Camatsos successful in the will contest and/or successful in litigation over the validity of the two deeds in question. In either event solicitors for complainants might not be entitled to any compensation out of funds impounded in this litigation.

Accordingly, a decree will be entered in this court reversing the action of the Chancellor in awarding attorneys' fees to solicitors for complainants without prejudice to their rights to make claim for such services at a later date and reversing the action of the Chancellor in declaring the deeds null and void and divesting title to the real estate out of the appellant, Mrs. Nina Camatsos. The decree will further provide that the injunctions issued by the Chancellor will remain in full force and effect subject to further orders of the Chancery Court; the cause will be remanded for the appointment of the administrator ad litem and/or receiver and for all other purposes and proceedings consistent with this opinion. The costs of the proceedings in the court below exclusive of attorneys' fees will be paid out of the funds on deposit with the defendant, Union Planters National Bank. The costs accruing in this court will be taxed against the complainants, Crippled Children's Hospital School and Joseph M. Bearman.

Avery, P. J. (W.S.) and Bejach, J., concur.