ABRIDGED OPINION

**Oscar Dowell PRIEST,**
**Plaintiff-Appellant,**

v.

**Ola PRIEST, Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 29, 1981.

Certiorari Denied by Supreme Court
Sept. 21, 1981.

Wm. Cain, Columbia, for plaintiff-appellant.

John H. Henderson, Jr., M. Thomas Taylor, Jr., Franklin, for defendant-appellee.

TODD, Presiding Judge.

Plaintiff, Oscar Dowell Priest, has appealed from the dismissal of his complaint for failure to state a claim upon which relief can be granted.

The complaint states the following facts:

1. Defendant, Ola Priest, is the widow of Clifton V. Priest who died in 1964 leaving a will which devised to his widow the use of certain realty during her widowhood with power to sell for reinvestment or for her needs.

2. Plaintiff is the nephew of the deceased and by said will is entitled to a remainder interest in said land subject to the rights of the widow to use or sell said land.

3. Defendant has "ceased all farming operations on the land" and "is apparently preparing for an attempted sale" of the land.

4. Because of advanced age and mental incompetency, defendant is incapable of managing the land "so as to make said property continue as income producing property."

5. The land can be profitably rented.

6. Because of advanced age and mental incompetency, defendant is "without capacity to contract for rental or sale of such property."

7. "Defendant is a life tenant" and "even if she were otherwise mentally competent is without power to sale (sic) said real estate."

8. Defendant is without power under the will to sell except for reinvestment.

9. Defendant does not need to sell the land to provide for her own necessities.

10. Defendant's failure to use or rent the land constitutes waste.

11. Plaintiff is a vested remainderman entitled to protection from waste.

12. Plaintiff is entitled to a construction of the will as to powers of defendant to sell the land.

The complaint prays for:

1. Appointment of guardian ad litem.
2. Construction of the will.
3. Injunction against waste "to the detriment of plaintiff."
4. Injunction against sale.
5. A receiver for the property.
6. Court supervision of any sale of the land and use of proceeds.
7. Determination of needs of defendant.
8. Lis Pendens upon the land.

The sole issue on appeal is whether the complaint, summarized above, states a claim for which relief can be granted.

Appellant's brief argues at length that defendant was not vested with an absolute estate under the "Rule in Shelly's Case," or its present vestiges under Tennessee law. This argument is not controverted by defendant's brief, hence it need not be discussed.

Appellant next argues correctly that the estate of defendant is a restricted life estate with power to sell for her needs or for reinvestment and that the remainder interest of plaintiff would follow the proceeds into the new property upon reinvestment.

Plaintiff next insists:

Ola Priest is incompetent by reason of advanced age and thus can neither contract to dispose of or personally manage property.

It is true that the complaint alleges:

3. That the defendant, Ola Priest by reason of advanced age and mental incompetence is without capacity to contract for rental or sale of such property.

■ Nevertheless, this Court does not conceive that advanced age and mental incompetency is grounds for a suit to enjoin the incompetent from committing acts beyond her competence. The remedy for mental incompetence is an adjudication of incompetence and the appointment of a guardian or conservator, neither of which is sought by the complaint.

Plaintiff next insists that: "Plaintiff, as a remainderman is entitled to protection of the Court in preventing *such* waste." (Emphasis supplied)

■ A remainderman unquestionably is entitled to relief from threatened waste which impinges upon or impairs his remainder interest. However, the complaint contains no allegation of any *such* waste. The only "waste" alleged in the complaint is the failure to profitably utilize the property for the benefit of defendant. There is no allegation of any act or omission which would affect the value of the remainder.

There is an allegation of an apparent preparation for an attempted sale of the "home and outbuildings located on said property"; but this is not interpreted to refer to a possible removal of improvements from the property. If such is the intended reference and if the complaint shows the reasonable likelihood of such action, the proceeds of such sales of buildings would be subject to reinvestment under the will.

In *Eaton v. Keaton*, 182 Tenn. 425, 187 S.W.2d 619 (1945), cited by plaintiff, the Supreme Court affirmed the dismissal of a bill to protect the rights of remainderman and said:

(2) There is no allegation in the bill of any present permanent injury to a possible future estate of complainants such as the commission of waste or the failure to pay taxes, which would justify their filing the bill as members of a class. *Satterfield v. Mayes*, 30 Tenn. 58; *Nichols v. Guthrie*, 109 Tenn. 535, 538, 73 S.W. 107; *Ford v. Hurt*, 127 Tenn. 557, 155 S.W. 927.

(182 Tenn. at 428, 187 S.W.2d 619)

Plaintiff argues that defendant is incompetent to manage or dispose of the property and that he, as remainderman, is "entitled to protection of the Court in preventing 'such waste'."

In *Ford v. Hurt*, 127 Tenn. 557, 155 S.W. 927 (1913), cited by plaintiff, the life tenant sold the property to a third party who purposely allowed the land to be sold for taxes. No such "waste" is alleged herein.

*Crippled Children's Hospital School v. Camatsos*, 48 Tenn.App. 617, 349 S.W.2d 178 (1960), cited by plaintiff, was not a dispute

between life tenant and remainderman, but a suit by devisees under a will to set aside an inter vivos deed of the testator conveying land devised to the plaintiffs.

Plaintiff also cites a forty (40) page article in 144 A.L.R., which contains over 200 citations of authority. This Court is not obligated to search every such general citation to see if it might contain some statement favorable to the party relying thereon. Authorities should be cited specifically with an explanation of the application of each authority to the issues in the case under discussion.

Appellant insists that this is a case for "impoundment" such as was ordered in *Crippled Children's Hospital School v. Camatsos, supra;* but the circumstances are not the same. In that case, a deed had already been passed which was alleged to be fraudulent.

Appellant again urges equitable relief against "the incompetent life tenant, citing *Henderson v. Vaulx,* 18 Tenn. (10 Yerg) 30 (1836) and *Holley v. Marks,* Tenn.1976, 535 S.W.2d 861. The former case related to the threatened removal of personal property from the State and the sale of same to the prejudice of the rights of the remainderman. Plaintiff alleges no rights in personalty. In the latter case, the Supreme Court affirmed the dismissal of a suit seeking periodic inspection of the life tenant's records to determine if she was "giving away" the property. The Supreme Court said:

> ... But the complainant who cannot demonstrate to the court's satisfaction that there is real danger of destruction of the estate is entitled to no relief. *Downing v. Johnson,* 45 Tenn. 229 (1867). In this record there is neither allegation nor proof that the defendant is dealing with the property in any manner not authorized by the will. Hence, no showing is made to justify the relief sought....

(535 S.W.2d at 862)

Plaintiff contends that defendant has no power to sell the land because there is no necessity to do so. The defendant is the sole judge of the necessity of a sale. *Matthews v. Capshaw,* 109 Tenn. 480, 72 S.W. 964 (1903).

█ In summary, the complaint in this case is a classic example of a demurrable pleading, i. e., one which fails to state a cause of action for which relief can be granted.

If defendant has committed or is about to commit any act which is beyond her testamentary powers or is otherwise detrimental to the remainder interest of plaintiff, such is not alleged in the complaint.

The sole allegation of consequence is that defendant's mental powers are weakened by age. If such be true to the extent of incompetency, the remedy is a judgment of incompetency and the appointment of a guardian. Neither is sought in the complaint. Either would prevent the effective sale of the property which plaintiff professes to fear.

Plaintiff has sought his relief in the wrong form on the wrong grounds.

The decree of the Chancellor is affirmed. All costs, including costs of this appeal, are taxed against appellant. The cause is remanded to the Chancellor for collection of costs and such further proceedings as may be necessary and proper.

Affirmed and remanded.

LEWIS and CONNER, JJ., concur.