𝔐𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

YOUNG v. YOUNG.

February 16th, 1893.

1. CONTINGENT REMAINDERS—*Attachment.*—A contingent remainder which
   is a mere possibility is not within Code 1873, ch. 148, § 1, allowing an
   attachment against " estates or debts " in certain cases.
2. IDEM—*Conveyances.*—A contingent remainder which is, however, an
   " interest or claim " to real estate may be conveyed under Code,
   § 2418.
3. IDEM—*Estoppel.*—A conveyance of a contingent remainder, if made with
   general warranty of title, would operate as an estoppel as against the
   grantor subsequently claiming that he had no estate in the real
   estate conveyed at the date of the conveyance. *Burtners* v. *Keran,*
   24 Gratt. 42.

Appeal from decree of corporation court of city of Nor-
folk, rendered in the cause wherein the appellants, Robert W.
Young, Jr., and others, were complainants, and N. P. Young
and others were defendants. The decree being adverse to the
complainants, they appealed. Opinion states the case.

*Watts & Hatton* and *J. Johns,* for appellants.

*J. F. Crocker,* for appellees.

HINTON, J., delivered the opinion of the court.

By his will, which was probated in the year 1836, one
Tapley Webb, of the city of Portsmouth, devised the two
lots of land, with the buildings thereon, in the proceedings
mentioned, to his daughter, Ann Porter Young, for life, with

remainders in fee to such of her issue as might be living at her death.

On the 5th day of November, 1884, Mrs. Young died, leaving the following issue : Robert W. Young, Jr., Tapley W. Young, Anna Virginia d'Abbadie, and Nathaniel F. Young; and upon her death the remainders, which had been theretofore contingent, became vested. In June, 1886, this suit was instituted. In their bill the plaintiffs, who are the above-mentioned remaindermen, ask for a partition of the property, which they allege is free from incumbrance, although they say they are informed that the interest of Robert W. Young, Jr., is claimed to be affected and charged with a judgment recovered against him at the April term, 1874, of the hustings court of Portsmouth, in an action brought by his uncle, N. P. Young; but that said judgment is void, the said court having had no jurisdiction to render it; and that the interest of said Tapley W. Young is claimed to be affected and charged with a deed of trust made by said Tapley W. Young to R. V. Boykin, trustee, in whose place and stead R. C. Marshall has been substituted, but the said deed of trust constitutes no charge upon the said interest of said Tapley W. Young, and is of no effect. And, after making some other allegations not material to these proceedings, the bill prays that N. P. Young, Nathaniel F. Young, and R. C. Marshall, trustee, be made defendants, and required to answer the same ; that partition be made of the said real estate, or that the same be sold and the proceeds divided ; and that the cause be referred to one of the commissioners of the court to take and report, among others, the following accounts—1st, an account of all liens and charges against the interest of said Tapley W. Young, and the priorities thereof; 2d, an account of all liens and charges against the interest of Robert W. Young, Jr., and the priorities thereof; that a decree be entered determining the validity and priority of all liens existing

or claimed to exist against the said property or the interest of either party therein, and that an injunction be awarded, restraining said R. C. Marshall and N. P. Young from making any sale under said deed of trust.

The commissioner reported that the judgment constituted no lien or charge on the interest of R. W. Young, Jr., and that the deed of trust executed by T. W. Young to R. V. Boykin, trustee, dated the 3d of February, 1858, was a valid lien on the one-fourth interest of T. W. Young in said property.

The first of these reports was duly excepted to by N. P. Young, and the second was excepted to by the said Tapley W. Young.

At the hearing the court entered a decree sustaining the exception of R. W. Young, and holding the judgment a lien upon the one-fourth interest of the said R. W. Young, Jr., and the deed of trust a lien upon the one-fourth interest of the said Tapley W. Young. And from this decree this appeal is taken.

Upon a careful consideration of the case this court is of opinion that the corporation court of Norfolk, to which the suit was transferred, clearly erred in holding the judgment a valid lien upon the interest of R. W. Young in said property, for the reason that the court never had jurisdiction of the case. The proceedings were, as the record shows, commenced by attachment sued out on the 31st October, 1873, long before the death of the said Ann P. Young, before the remainder of R. W. Young had become vested, and while he had no interest in said property which could be subjected to the lien of an attachment.

In the opinion of this court the words "estate or debts" due him within the county or corporation in which the suit is, in section 1, ch. 148, of the Code of 1873, are not intended to apply to a mere possibility, such as the said R. W. Young

had at the time the attachment was sued out; and, as he was a non-resident, and the court never acquired jurisdiction of his person, there was no foundation for the judgment, and the same is absolutely null and void.

We think, however, that the court was clearly right in holding the deed of trust to be a lien upon the one-fourth interest of Tapley. W. Young, although the deed was made before the said Tapley W. Young had acquired a vested interest in the property. At common law, it is true, a *naked possibility*, such as this remainder, which was uncertain as to the person, could not be the subject of assignment or conveyance; but " this matter," as Mr. Minor expresses it, is assisted in Virginia by statute, which provides that any interest or claim to real estate may be disposed of by deed or will. 2 Minor's Inst. 362; Code, § 2418. " The effect of this enactment," as was said by the supreme court of Kentucky, in *Nutter* v. *Russell*, 3 Metc. R. 163, " is to obviate at once all the difficulties growing out of the distinctions which had been established by judicial construction between such estates as were alienable and such as were not. It will not be doubted, we suppose, that under this statute every conceivable interest in or claim to real estate, whether present or future, vested or contingent, and however acquired, may be disposed of by deed or will." *Faulkner* v. *Davis*, 18 Gratt. 674. But if this were otherwise, it would operate, as we think, as an estoppel. *Burtners* v. *Keran*, 24 Gratt. 42; *Raines* v. *Walker*, 77 Va. 92; *Gregory* v. *People*, 80 Va. 355; *Watson* v. *Dodd*, 68 N. C. 528.

For these reasons the decree of the corporation court of Norfolk must be reversed in the particular indicated, and the cause must be remanded, to be proceeded in in accordance with the views herein expressed.

FAUNTLEROY, J., concurred in the results.

DECREE REVERSED IN PART AND AFFIRMED IN PART.