# Staunton.

Scott and Others v. Patterson's Administrator.

September 21, 1905.

1. Wills—*Case in Judgment—Ultimate Fee Simple—Liability for Debts.*—A testator in the first clause of his will devised his estate to his wife for life, for the use of herself and certain of their children. The second clause of his will is as follows: "Secondly. After the death of my wife, I direct that my entire estate, both real and personal, without sale or appraisement, pass into the hands of the above-named children, or such of them as remain on my property for the period of twenty-five years, unless they elect to divide sooner; then, after the expiration of twenty-five years, or at the time my children elect to divide, should they so elect, then I direct that my entire estate, both real and personal, be equally divided between all of my children." After the death of the wife, creditors of some of the children sought to subject their interests in the property to the payment of their debts.

*Held:* The will invested the children with the ultimate fee-simple in remainder after the death of their mother, and the same is liable, as an incident of such estate, for the payment of their debts. If it was the intention of the testator to place the property beyond the reach of the creditors of the devisees, such intention cannot be carried into effect.

Appeal from a decree in chancery of the Circuit Court of Augusta county. Decree in favor of complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Curry & Glenn,* for the appellants.

*Kerr & Ker* and *Patrick & Gordon,* for the appellee.

KEITH, P., delivered the opinion of the court.

So much of the case presented by the record as is necessary for us to consider is as follows: Certain creditors of W. B. Scott and Emma Scott filed their bill in the Circuit Court of Augusta county to subject their interests in certain real estate derived from their father, Robert Scott, to the payment of their debts. In the progress of the cause it was found that certain other persons, sisters of W. B. Scott and Emma Scott, among them Sallie Scott, were interested in the litigation and they were made parties. It appears that Robert Scott, by his will, bequeathed his entire estate, both real and personal, to his wife, Hester V. Scott, "to be hers for her use, and that of our children, viz: Sallie Scott, Harriet Ann Scott, Martha Emma Scott, William B. Scott and Estaline Scott, or such of them as remain on my property during my wife's lifetime, without appraisement or sale. Secondly. After the death of my wife, I direct that my entire estate both personal and real, without sale or appraisement, pass into the hands of the above named children, or such of them as remain on my property for the period of twenty-five years, unless they elect to divide sooner; then after the expiration of twenty-five years, or at the time my children elect to divide, should they so elect, then I direct that my entire estate, both real and personal, be equally divided between all my children."

The Circuit Court, after ascertaining through a commisioner the amount of debts and liens, and the order of their priority, decreed that the interests of William B. Scott, Emma Scott, and Sallie Scott, be sold, and the proceeds applied to the satisfaction of the debts proved against them, and from that decree an appeal was allowed.

The widow of Robert Scott, the testator, is dead, and the contention upon the part of appellants is that the second clause of the will by which, after the death of his wife, the testator directs that his entire estate, both real and personal, shall,

without sale or appraisement, pass into the hands of his children, or such of them as remain on his property for the period of twenty-five years, unless they elect to divide sooner, is an executory limitation for the benefit of the children or such of them as elect to remain upon the land after the death of his widow, and cannot be subjected by the creditors of any one of them.

On behalf of appellees it is insisted that if the second clause of the will be an executory devise, it is void as creating a perpetuity, because the rule against perpetuities requires that the estate must vest within the life or lives in being and twenty-one years and ten months thereafter, whereas in this case the twenty-five years might by possibility extend beyond the life or lives in being and twenty-one years and ten months thereafter; that the will creates a life estate in the wife, and a vested remainder in her children, and that the interest with which the testator undertook to clothe his children for a term of years after the death of his wife merged in the remainder and created a fee simple; in other words, the remainder swallowed the term of years.

We do not propose to enter that field of unending discussion and controversy to which we are invited. We shall not vex ourselves with the niceties of executory devises, and contingent and vested remainders, but shall content ourselves with deciding what seems to be a very obvious proposition, that the will invested the children with an ultimate fee simple in the property in remainder after the death of their mother; that an inseparable incident of such an estate is liability for debts; and we can sanction no construction of the provision with respect to the interests of the children, or any of them, in this property for the period of twenty-five years the effect of which would be to exonerate it from this obligation. *Hutchinson* v. *Maxwell,* 100 Va. 169, 40 S. E. 655, 57 L. R. A. 384, 93 Am. St. Rep. 944.

It will be observed that the will nowhere in express terms

undertakes to place this property beyond the reach of the creditors of the devisees.    It is asserted that such was the intention of the testator in providing that it should pass into the hands of his children, or such of them as remained on the property for the period of twenty-five years, unless they elected to divide the same; but if such were the intent of the testator it cannot be carried into effect.

We are of opinion that the decree of the Circuit Court should be affirmed.

*Affirmed.*