# Staunton

BLANCHE GREEN LARKIN V. JENNIE GREEN WRIGHT.

September 11, 1946.

Record No. 3095.

Present, All the Justices.

The opinion states the case.

*William K. Goolrick*, for the appellant.

No appearance for the appellees.

HUDGINS, J., delivered the opinion of the court.

On November 6, 1933, Peter Green and Mildred Green, his wife, executed a joint will devising and bequeathing all their property to Blanche Green Larkin for life, with the remainder to be divided among such of their other five children as survived the life tenant. These contingent remainders were based on condition that each of the five children should provide equally for the care and support of Mildred Larkin, the only child of Blanche Green Larkin.

Louise Wright, a granddaughter of the testator and testatrix, was given a home at 101 Amelia Street, Fredericksburg, "so long as she may live and need the same," with certain restrictions against alienation.

On November 14, 1939, all of the beneficiaries named in the will and their consorts conveyed their respective interests in the personal property and in the real estate passing by the will to Blanche Green Larkin. Some question seems to have been raised as to the title Blanche Green Larkin acquired by this conveyance. Thereupon she filed a bill alleging the facts stated above and praying that the will of her parents be construed, the rights of the various beneficiaries be defined, and that she be declared to be the absolute owner of all the personal property and the fee simple owner of the house and lot mentioned in the will. To this bill all of the other beneficiaries were made defendants, filed separate and

joint answers in which the facts stated in the bill were admitted to be true, and joined in the prayer of the complainant.

The chancellor entered a decree declaring (1) that each of the beneficiaries named in the will was over 21 years of age at the time of the signing of the deed to Blanche Green Larkin and was at that time *sui juris*, (2) that the five brothers and sisters of Blanche Green Larkin, and Mildred Larkin, had the legal right to convey to the life tenant all of their right, title and interest in the real estate, and (3) that Louise Wright, under clauses 2 and 3 of the will, was the beneficiary of a spendthrift trust, that she had no right to encumber, alien or otherwise dispose of the interest in the real estate, and that the deed attempting to make such alienation was invalid and void as to her. From this decree Blanche Green Larkin obtained this appeal. The other parties, having disclaimed any interest in the property involved, made no appearance in this court and filed no reply brief. The case was submitted on the petition and record with the statement by counsel that all parties were *sui juris* and that he represented them in the lower court but that in this court he was appearing only as attorney for the appellant.

The dominant question presented is whether Louise Wright is prohibited, by the terms of the will, from alienating the interest devised to her.

The pertinent paragraphs of the will are as follows:

"1. I give my child, *Blance* Green Larkin, formerly the wife of John B. Larkin, all my property of every kind and description, except a piano, which I have heretofore given to my granddaughter, Louise Wright, for her life, and at her death to be equally divided among each of my children who may be living at the death of the said Blanche Green Larkin, per capita on the condition that they and each of them equally provide for the care and support of Mildred Larkin, the child of the said Blanche Green Larkin and her divorced husband, John B. Larkin.

"2. I give my granddaughter, Louise Wright, a home at 101 Amelia Street, which is included in the above devise,

so long as she may live and need the same, but free from any debts or obligations she may incur, or claims of any creditors, and without any power on her part to encumber, alien, or otherwise dispose of the same, sublet, lease or have other people live therein, except her own family, without consent of the said Blanche Green Larkin.

"3.  The said Blanche Green Larkin is authorized to sell, exchange or dispose of any personal property, included in the above grant and reinvest the proceeds in other property or income producing securities to be held on the same conditions as the original bequest and free from any debts or obligations she may incur and claims of any creditor of hers, or any future husband she may have.

＊ ＊ ＊ ＊ ＊ ＊

"5.  I appoint my daughter, Blanche Green Larkin, as my Executrix and should she refuse to qualify and act, then my granddaughter, Mrs. Louise Wright, the wife of Winfrey Wright, as my executrix under the conditions of the foregoing will."

The testators, in paragraph No. 1 of the will, bequeathed and devised all of their property, except a piano, to Blanche Green Larkin for life.  The remainders were based on a contingency and a condition, the contingency being that one or more of the five children should survive the life tenant. The condition was that the five children must contribute equally for the care and support of Mildred Larkin.  No direct gift was made to her.  The value, the nature and the extent of the care and support contemplated is not defined. Notwithstanding the fact that the language used in stating the rights of Mildred Larkin and the duties imposed upon the remaindermen is confusing and indefinite, the dominant intention of the testators to provide for the welfare of their daughter, Blanche Green Larkin, is clear and unambiguous. The corpus of the property is given her for life.  She is named as executrix and given full power to manage, sell and exchange the personal property and to reinvest the proceeds. The facts render it unnecessary for the court to con-

strue the rights, if any, of Mildred Larkin, or to state the effect if one or more of the remaindermen had refused to contribute to her care and support, as she and all the contingent remaindermen have, as they had a right to do, conveyed their interests to the life tenant. Under the statute and the decisions of this court, the right of contingent remaindermen to convey their interests in property cannot be questioned. Code, sec. 5147; *Young* v. *Young* (1893), 89 Va. 675, 678, 17 S. E. 470, 23 L. R. A. 642; *Heuser* v. *Belvin* (1916), 118 Va. 346, 358, 87 S. E. 594; and *Wilson* v. *Langhorne* (1904), 102 Va. 631, 638, 47 S. E. 871. See *Riegel* v. *Oliver*, 352 Pa. 244, 42 A. (2d) 602, 161 A. L. R. 177.

This brings us to the second paragraph of the will wherein Louise Wright, the secondary object of testators' bounty, is given certain rights in the house and lot located at 101 Amelia Street, Fredericksburg.

It will be noted that this particular house and lot was a part of the estate of the testators which, under paragraph No. 1 of the will, passed to Blanche Green Larkin for life, with contingent remainders in her five brothers and sisters. The house and lot are not given to Louise Wright. What is given is a right to use the same as a home "so long as she may live and need the same." To this extent this provision is an invasion of, or limitation upon, the life estate theretofore devised to Blanche Green Larkin. Louise Wright's enjoyment of this house and lot is dependent upon two conditions: (1) Her wish or desire to use the premises as a home, and (2), her need for the same. All other rights, privileges and enjoyment of the premises are devised to Blanche Green Larkin for life.

The testators emphasize these limited rights by stating that Louise Wright shall be "without any power on her part to encumber, alien or otherwise dispose of the same, sublet, lease or have other people live therein, except her own family, *without consent of the said Blanche Green Larkin*." (Italics supplied.)

There is no restriction or prohibition on the power or authority of Blanche Green Larkin to alienate any part of the life estate bequeathed and devised to her. The privileges devised Louise Wright are personal and limited to her individual need, free from the claims of creditors. If there had been no prohibition against alienation and she had transferred her interest in the will to a third party, what right would such third party have acquired? The mere fact of the transfer would be conclusive evidence that she did not desire to use the premises as a home. With this analysis of the rights of the two parties, it seems reasonably clear that the testators intended to prohibit Louise Wright from encumbering, alienating, subletting or leasing the property "without consent of the said Blanche Green Larkin"—that is, the phrase, "without consent of the said Blanche Green Larkin," applies to each alternative against alienation stated in the second paragraph of the will.

The primary intention of the testators was to provide for their daughter, Blanche Green Larkin, and, incidentally, to give their granddaughter, Louise Wright, the privilege of using the premises in question as a home if her need required such use.

Louise Wright, in her answer, states that she and her husband, Winfrey Wright, own and reside in their own home in Fredericksburg; that she has not lived at 101 Amelia Street for the past ten years; that she does not desire or intend to live on these premises again; and that she does not need them as a home.

■ Blanche Green Larkin, by accepting the grant, shows that she has consented to the transfer of Louise Wright's title and interest in the premises—an alienation not prohibited by the will.

It is alleged in the bill and conceded in the answers that Blanche Green Larkin and her five brothers and sisters were the only heirs at law and next of kin of Peter Green and Mildred Green, his wife. Hence, if no one of the five brothers and sisters, to whom the contingent remainders

were devised, survived the life tenant, the remainders failed for want of any member of the class to take.

The facts in *Copenhaver* v. *Pendleton*, 155 Va. 463, 155 S. E. 802, 77 A. L. R. 324, 342, were that James W. Sheffey devised a certain tract of land to his son-in-law, as trustee, in trust for his daughter, Virginia W. Haller, for life and her children, if any, at her death. The daughter had no issue but made a will devising the real estate to others. In a controversy between the heirs at law of James W. Sheffey and the devisees of the daughter, it was held that "Upon a grant or devise of a particular estate limited to determine upon the happening of an event which is certain to happen, with a contingent remainder over, there remains in the grantor or devisor a *reversion*, subject to be defeated by the happening of the contingency upon which the remainder is conditioned." It was further held that this reversion or possibility of reverter passed, under the statute of descents, to the heirs at law determined as of the death of the testator.

Blanche Green Larkin is the grantee not only of all the other beneficiaries named in the will, but also the grantee of five of the heirs at law and next of kin of the testators, she herself being the other heir. It follows that she is now the absolute owner of all the personal property of which the testators died seized and possessed and the fee simple owner of all the real estate which passed by the will.

The decree of the trial court is reversed and a final decree will be entered by this court declaring that Blanche Green Larkin is the absolute owner of all personal property and the fee simple owner of all real estate of which the testators died seized and possessed.

*Reversed and final decree.*