In the Matter of Edward Stuart CAMDEN, Vera Brydges Camden, Bankrupts.

No. 3333.

United States District Court
W. D. Virginia,
Roanoke Division.

May 8, 1963.

---

10. Pre-trial Order, Paragraph 3(e).

11. 2 Mertens, Law of Federal Income Taxation, Zimet & Oliver Revision, Section 12.76.

Ben M. Richardson, Roanoke, Va., for bankrupts.

Henry J. Foresman, Lexington, Va., for trustee in bankruptcy.

MICHIE, District Judge.

W. H. Brydges of Bedford County, Virginia, died May 7, 1957 leaving a will which was duly probated before the Clerk of the Circuit Court of Bedford County. The will provided in part:

"Item 3: All of the rest, residue and remainder of my estate, whether real, personal or mixed, wheresoever located and whether now owned or hereafter acquired by me, I do give, devise and bequeath to my wife, Margaret L. Brydges, if she survives me, for and during her natural life, with the right, however, in my said wife to use or dispose of all or any part of personal estate during her lifetime.

"Item 4: After the death of my said wife, or if she should predecease me, then I do give and devise unto my daughter, Vera Camden, the wife of E. Stuart Camden, upon the condition that she shall pay into my estate the sum of twelve thousand ($12,-000) dollars, in fee simple absolute, all of that certain tract or parcel of land located in Forest Magisterial District, Bedford County, Virginia, on Boonsboro Road on which is located my home in which I am living. I direct that the said sum of tewlve thousand ($12,000) dollars, when so paid be treated as personal property and shall pass as directed in Item 7 hereinafter set forth. In the event my said daughter, Vera, does not comply with this condition, then I direct that my executor hereinafter named shall sell the said property and that the proceeds of said sale shall pass as personal property under the provisions of Item 7 below.

\* \* \* \* \* \*

"Item 7: After the death of my said wife, if there shall be any personal property remaining from my estate not used or disposed of by her during her lifetime, or if she should predecease me, or not otherwise bequeathed by me herein, then I do give and bequeath the same to all my children, jointly and equally, per stirpes."

Mrs. Brydges, the widow of the testator, is still living. Mrs. Camden, who will become the sole owner of the property described in Item 4 of the will upon the death of her mother, subject to the condition of payment of $12,000.00 to the father's estate, is now in bankruptcy. The question involved in the petition for review is whether the Trustee in Bankruptcy can sell Mrs. Camden's interest in the Bedford County property referred to in Item 4 of the will, subject of course to the mother's life estate therein.

Section 70, sub. a of the Bankruptcy Act (11 U.S.C.A. § 110, sub. a) insofar as possibly material provides as follows:

"The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in

turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * * * (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded or sequestered: * * * (7) contingent remainders, executory devises and limitations, rights of entry for condition broken, rights or possibilities of reverter, and like interests in real property, which were nonassignable prior to bankruptcy and which, within six months thereafter, become assignable interests or estates or give rise to powers in the bankrupt to acquire assignable interests or estates; * * *."

■ The attorney for Mrs. Camden claims that the interest which she has in the Bedford County property is a "contingent remainder" and non-assignable prior to bankruptcy and that it did not become assignable within six months after bankruptcy and therefore is not subject to sale in the bankruptcy proceedings. The attorney for the Trustee however contends that the interest acquired by Mrs. Camden was a vested remainder subject to divestment in the event that she did not pay the sum required to be paid to the executor within a reasonable time after the death of her mother, and that it was therefore transferable by Mrs. Camden and so passed to her Trustee in Bankruptcy. And he further argues that even if it were a contingent remainder it was nevertheless transferable. I agree with counsel for the Trustee and so hold.

In Minor on Real Property (2d Ed. Ribble) at p. 927 a vested remainder is defined to be "a remainder limited *to a certain person* and *on a certain event,* so as to possess *a present capacity to take effect in possession,* should the possession become vacant at any moment."

■ The devise here involved fits this definition like a glove. It is limited to a certain person, i. e., Mrs. Camden. It is to take effect on a certain event, i. e., the death of Mrs. Brydges. And it is so limited as to possess a present capacity to take effect in possession of Mrs. Camden should the possession of Mrs. Brydges become vacant at any time (of course if Mrs. Camden should die before Mrs. Brydges the remainder which she now owns would pass to her heirs or devisees who would then be the certain persons who would take on the happening of the event).

In the same work a contingent remainder is defined on p. 928 to be "a remainder (1) limited to an *uncertain person,* or (2) limited upon an *uncertain* event, or (3) limited to a *certain person and on a certain event,* but so as *not to possess the present capacity* to take effect in possession, should the possession become vacant at any moment."

In the devise in question there is no uncertainty as to the person to take— Mrs. Camden. It is not limited upon an uncertain event but upon the certain event of Mrs. Brydges' ultimate death (nothing is certain but death and taxes according to the old saying). And there is nothing in the devise which would prevent it from taking effect in possession in Mrs. Camden the moment Mrs. Brydges dies.

■ It is true that the remainder which will pass to Mrs. Camden or her heirs or devisees at Mrs. Brydges' death would be forfeited by them and pass to another in the event that they failed to pay the sum which the devisee was required to pay to the estate within a reasonable time. But this is clearly a condition subsequent. The condition only comes into existence after the death of Mrs. Brydges, at which time title will have passed to Mrs. Camden subject to the condition of payment.

■ Even if the clause in regard to the payment of a sum of money were phrased in words of contingency, the failure of which to come about would destroy the remainder, the remainder would nevertheless be regarded as vested. As said by Mr. Minor on p. 932:

"If, on the other hand, the words of contingency describe an event, the happening of which is to take away from the remainderman an interest, which in the absence of such event he would retain, the remainder is vested subject to be divested."

■ Counsel for the bankrupt contends that the remainder here is contingent because it is uncertain whether the bankrupt will survive the life tenant. But as we have seen this is not the definition of a contingent remainder. Actually in the case of every remainder it is uncertain whether or not the remainderman will survive the life tenant so that counsel's argument would abolish vested remainders and make them all what he calls "contingent" remainders.

11 U.S.C.A. § 110, sub. a(7) above quoted deals with contingent remainders and assumes that some, at least, of such remainders are non-assignable. But it nevertheless expressly brings them into the bankrupt's estate if they become assignable within six months after bankruptcy. Counsel for the bankrupt argues that the remainder here was a contingent remainder which remained in the same status for the six-month's period and therefore did not become assignable within the period and therefore is not a part of the bankrupt estate. But as I have said I do not think that the remainder was ever a contingent remainder. And, even if it were, it does not fall within the provisions of subparagraph (7) which refers to "contingent remainders * * * which were nonassignable prior to bankruptcy" and which thereafter become assignable within six months. Because even if the remainder here had been a contingent remainder it was not one that was "nonassignable prior to bankruptcy". Under Virginia

law it was assignable at all times and therefore comes within clause (5) of § 110 above quoted as "property, including rights of action, which prior to the filing of the petition he could by any means have transferred * * *."

■ This results since nowadays in Virginia contingent remainders are clearly transferable.

Section 55–6 of the Code provides in part as follows:

"Any interest in or claim to real estate, including easements in gross, may be disposed of by deed or will."

This section means exactly what it says and it is well settled that under it a contingent remainder may be disposed of by a deed or will. See Young v. Young, 89 Va. 675, 17 S.E. 470, 23 L.R.A. 642; Wilson v. Langhorne, 102 Va. 631, 47 S.E. 871; Copenhaver v. Pendleton, 155 Va. 463, 155 S.E. 802, 77 A.L.R. 324; and Larkin v. Wright, 185 Va. 447, 39 S.E.2d 355.

As said by the court at p. 451, 39 S.E. 2d at p. 358 in the last cited case:

"Under the statute and the decisions of this court, the right of contingent remaindermen to convey their interest in property cannot be questioned."

It follows then that, whether the remainder owned by Mrs. Camden be regarded as vested (as I think it certainly is) or contingent, it was at least "property * * * which prior to the filing of the petition (s)he could * * * have transferred." It therefore passed to her Trustee in Bankruptcy under 11 U.S.C.A. § 110, sub. a(5).

Counsel also tries to make something of the fact that § 70, sub. a(7) of the Bankruptcy Act (11 U.S.C.A. § 110, sub. a(5)) recognizes that some contingent remainders are not transferable. This is of course true. But it just happens that in Virginia contingent remainders have been made transferable by statute.

Counsel also refers to the case of Suskin & Berry, Inc. v. Rumley, 37 F.2d 304 (4th Cir. 1930), which held that the re-

mainder in that case was not transferable. This, however, was a holding under the law of Maryland which appears to have been, at that time at least, the same as Virginia law had been prior to the enactment of § 55–6 of the Code.

The case of Howbert v. Cauthorne, 100 Va. 649, 42 S.E. 683 (1902), also relied upon by counsel for the bankrupt dealt with the question of whether a contingent remainder could be levied on by creditors and held that it could not. This is probably still the law in Virginia. But we are concerned here not with the question of whether the property is subject to levy but whether it is transferable by the owner. It was expressly made transferable by § 55–6 of the Virginia Code.

Finally counsel argues that under the language of the will there is an implied prohibition of transfer. But I can find none. The ruling of the Referee in this matter will be confirmed.