**In re Junior Dale WEDDLE, Margie Dale Weddle, Debtors.**

**Junior Dale WEDDLE, et ux., Plaintiffs,**

v.

**James E. NUNLEY, Trustee, Southwest Virginia Production Credit Association, and Elsie Marie Weddle, Defendants.**

Bankruptcy No. 7–82–01351.

Adv. No. 7–84–0051.

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Oct. 22, 1984.

Robert T. Copeland, Abingdon, Va., for debtors.

James E. Nunley, Bristol, Va., trustee-defendant.

John M. Lamie, Abingdon, Va., for Southwest Virginia Production Credit Ass'n.

George A. Pruner, Lebanon, Va., for Elsie Marie Weddle.

MEMORANDUM OPINION
AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Plaintiff-Debtors seek declaratory relief to have this court determine whether cer-

tain real estate in which they have a vested remainder interest is property of the Debtors' estate in the present Chapter 13 case.

The essential facts are not disputed. On May 27, 1981, Homer Dale Weddle, husband of Elsie Marie Weddle and father of Junior Dale Weddle, executed a Last Will and Testament, which was later probated and is of record in the Clerk's Office of the Circuit Court of Russell County, Virginia in Deed Book 28, Page 398. There is filed in this court a copy of this Will along with a copy of the list of heirs of Homer Dale Weddle. Homer Dale Weddle, by and through said Last Will and Testament, devised to Defendant, Elsie Marie Weddle, a life estate in all his real property, and devised a remainder interest to Plaintiff, Junior Dale Weddle, in certain of the said real property, subject to certain conditions as contained in Clause Five of said Last Will and Testament. Clause Five is as follows:

"*FIFTH:* I give and devise all the remainder of my lands to BALLARD RUSSELL WEDDLE, my son, JUNIOR DALE WEDDLE, my son, PAUL BOARDWINE WEDDLE, my son, ANNA RUTH HILLMAN, my daughter, and NILA V. (NMN) DEAN, my daughter, share and share alike. And I direct that each of my named five children pay to my daughter, PAULINE HAZEL KING, the sum of One Thousand ($1,000.00) Dollars, which I give to my daughter, Pauline Hazel King, the same to be paid after the death of my wife, Elsie Marie Weddle, and within one year of her death; and I hereby charge the lands so devised to my five named children with the payment of the legacies I give to Pauline Hazel King."

The court, having maturely reviewed the memoranda of counsel and the facts, concludes that the undivided interest of Junior Dale Weddle in remainder has value and is property belonging to the Debtors' estate, but that it cannot be partitioned in the lifetime of Elsie Marie Weddle.

The broad scope of 11 U.S.C. § 541 most definitely includes remainder interests:

**"§ 541—Property of the estate.**

(a) The commencement of a case under § 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property wherever located:

(1) Except as provided in subsection (b) and (c)(2) of this section, *all legal or equitable interests of the debtor in property as of the commencement of the case.*" (emphasis added)

\*  \*  \*  \*  \*  \*

In reference to the above paragraph, the House Judiciary Report on 11 U.S.C.S. § 541 (H.Rept. No. 95–595, 95th Cong. 1st Sess. [1977], 367–8, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6323) stated:

"The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action (see Bankruptcy Act § 70a[b] ), and all other forms of property currently specified in § 70a of the Bankruptcy Act as well as property recovered by the trustee under § 542 of proposed title 11, if the property recovered was merely out of the possession of the debtor yet remained 'property of the debtor'. The debtor's interest in property also includes 'title' to property which is an interest just as are a possessory interest, or leasehold interest, for example."

As the Defendant, Southwest Production Credit Association, pointed out, the House Report also stipulated that the new statute followed the result of *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966) under the old Bankruptcy Act § 70(a)(5). *Segal* defined "property" in broad terms and determined that a property interest is not outside the debtor's estate just because it is "novel or contingent or because enjoyment must be postponed". *Segal*, 382 U.S., at 379, 86 S.Ct. at 515.

The interest involved in the present case is a vested remainder interest which is to

become possessory upon the termination of Elsie Marie Weddle's life estate. A case from this district has involved a similar property interest. In *In re Camden*, 217 F.Supp. 634 (W.D.Va.1963), the testator granted a life estate in certain real and personal property to his wife, with the remainder to his daughter subject to condition of payment of $12,000.00 to the father's estate. The court determined that payment of the $12,000.00 was a condition subsequent; the condition only came into existence after the death of the life tenant, at which time title would have passed to the remaindermen. *Camden*, 217 F.Supp., at 636. The same situation exists in the present case. It is true that the remainder which will pass to Junior Dale Weddle at Elsie Marie Weddle's death would be forfeited by him in the event that he failed to pay $1,000.00 to Pauline Hazel King (as stipulated by Clause Five of the Will) within a reasonable time. But this is clearly a condition subsequent which comes into existence only after the death of Elsie Marie Weddle, at which time title will have passed to Junior Dale Weddle, subject to the condition of payment of the $1,000.00. Thus, Junior Dale Weddle has a vested remainder subject to a condition subsequent.

■ A vested remainder is subject to liability for the remainderman's debts. The court may decree that the vested interests be sold in order to satisfy debts. *Scott v. Patterson*, 104 Va. 455, 51 S.E. 848 (1905). Similarly, the court in *Camden, supra,* decided that a Trustee in Bankruptcy has authority to sell such a vested interest subject to an existing life estate even under § 70 (11 U.S.C. § 110) of the *Bankruptcy Act of 1898*.

Sections 8.01–94 and 8.01–95 of the Code of Virginia provide statutory authority for the sale of this kind of property interest:

"**§ 8.01–94. When sold, leased, or exchanged**—Whenever an interest in property, real or personal, is held by a person, natural or artificial, with remainder or limitation over contingent upon any event, or for his life or for the life of another, and there is limited thereon any other estate, vested or contingent, to any other such person, whether in being or to be thereafter born or created in any manner whatsoever, such person holding an interest in the property so subject to remainder or limitation over or for his own life, or his committee or, if the estate so held be for the life of another, then his heir or personal representative, as the case may be, may for the purpose of obtaining a sale or leasing or exchange of the fee simple interest or absolute estate in such property, if the sale or leasing or exchange thereof is not prohibited by the instrument creating the estate, and the remaindermen, or any of them, whether in being or hereafter to be born or created, are from any cause incapable at the time of filing the bill as herein provided or of giving their assent, or the remainder or limitation over is contingent or defeasible, file a bill in equity in the Circuit Court stating plainly the property to be sold or leased or exchanged and all facts calculated to show the propriety of such sale or lease or exchange ..."

In addition to the foregoing *Virginia Code* provisions, this court has jurisdiction to hear and order sale of such interest pursuant to 11 U.S.C. § 363(b) of the *Bankruptcy Reform Act* of 1978.

■ For the above reasons, it is clear to the court that the vested remainder interest should be included in the Debtors' estate, but it is also clear that the remainderman may not compel a partition of the land during the continuance of the life estate. The court agrees with Defendant, Elsie Marie Weddle, on this point. The authority for this general rule is undisputed. *Powell v. Tilson*, 161 Va. 318, 170 S.E. 750 (1933).

*Virginia Code* Section 55–6 provides:

"**§ 55–6. Same estates may be created by deed as by will.**—Any interest in or claim to real estate, including ease-

ments in gross, may be disposed of by deed or will. Any estate may be made to commence in futuro, by deed, in like manner as by will; and any estate which would be good as an executory devise or bequest shall be good if created by deed. (Code 1919, § 5147; 1962, c. 169.)"

Under the foregoing statute, the Common Law Rule was changed and every conceivable interest in or claim to real estate, whether present or future, vested or contingent, and however acquired, may be disposed of by deed or will. *See Young v. Young*, 89 Va. 675, 17 S.E. 470.

The Debtor's remainder is jointly owned property with his brothers and sisters as set out in the Will. This does not pose any problem, since jointly owned property may be sold pursuant to 11 U.S.C. § 363(h).

Accordingly, an Order will be entered holding this interest to be property of the Chapter 13 estate. In spite of the fact that the property may not be partitioned, it does have value, and this value may be determined and must be included in the Debtors' estate. The Court further **ORDERS** that this value be fixed upon proper application and hearing if the parties be so advised.