**In re Barbara SARGENT, Debtor.**

**Patricia Kovacs, Trustee, Plaintiff,**

v.

**Barbara Sargent, et al., Defendants.**

**No. 05–3123.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 4, 2006.

Reese M. Wineman, Norwalk, OH, for debtor.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court upon the Plaintiff/Trustee's Complaint, brought in accordance with Bankruptcy Rule 7001(3), to obtain approval under § 363(h) for the sale of the interests of the estate and of co-owners in property. On this Complaint, Cross Motions for Summary Judgment were filed by the Trustee and the Debtor/Defendant. After reviewing the argument presented by the Parties in support of their respective Motions, the Court finds, for the reasons now explained, that the Trustee's Motion for Summary Judgment should be Denied to the extent set forth herein; and that the Debtor's Motion for Summary Judgment should be Granted to the extent set forth herein.

The relevant facts to this dispute are brief and straightforward. The Defendant, Faye E. McCreary, is the mother of the other two Co–Defendants in this matter: the Debtor, Barbara Sargent; and Dennis J. McCreary. In 1998, Faye McCreary quit-claimed to these two children her interest in a parcel of real estate (presumably, her residence), providing in the deed that she was reserving to herself a life estate interest in the real estate. In 2004, the Debtor, Barbara Sargent, filed a

petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code.

## DISCUSSION

The instant matter, involving the sale of property from the estate, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)/(N)/(O). Accordingly, this Court has jurisdiction to enter final orders and judgments in this matter.

The instant cause has been brought before the Court upon the Parties' Cross Motions for Summary Judgment. Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056, sets forth the standard for a summary judgment motion and provides for in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With respect to this standard, the movant must demonstrate all the elements of his cause of action. *R.E. Cruise Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir. 1975). In making this determination, the Court is directed to view all the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In addition, in cases such as this where the Parties have filed Cross Motions for Summary Judgment, the Court must consider each motion separately, since each party, as a movant for summary judgment, bears the burden of establishing the nonexistence of genuine issues of material fact, and that party's entitlement to judgment as a matter of law. *French v. Bank One, Lima N.A. (In re Rehab Project, Inc.),* 238 B.R. 363, 369 (Bankr.N.D.Ohio 1999).

When a debtor files a petition for relief under Chapter 7 of the Bankruptcy Code, all legal and equitable interests they hold in property become property of an estate. 11 U.S.C. § 541(a). Property of the estate is subject to administration by the trustee for the benefit of the debtor's creditors. 11 U.S.C. § 323; § 704. To the extent that such property brings value to the estate,—that above allowed secured claims and exemptions—such property is then subject to sale by the Trustee under § 363(b)(1).

In opposing the Trustee's complaint to sell the real estate at issue in this matter, the Debtor relied solely on the following argument:

> For purposes of this Motion, the Debtor asserts that her mother, Faye E. McCreary, holds a Life Lease on the subject real estate and that, as indicated by the Affidavit attached hereto, her mother is in good health. Debtor asserts that any interest she would have in said real estate would not accrue based upon her mother's medical condition for serval months beyond the six-months where the Trustee could assert an interest in any property she owned.

(Doc. No. 13). Although this argument is somewhat cryptic, presumably it is based upon this legal argument: the quit-claim deed executed by the Debtor's mother constitutes only an inheritance, which during the life of the devisee is only an expectancy interest, not an interest in property which would be subject to sale by the Trustee. Furthermore, with the Debtor's mother still being alive, said inheritance did not vest during the 180–day look-back

provision of § 541(a)(5).[1]

■ As an initial point of observation, the Debtor's statement of law is correct: a debtor's mere expectancy interest does not rise to the level to be included within the bankruptcy estate, and thus does not become subject to sale by the trustee under § 363. *In re Trautman*, 296 B.R. 651, 655–56 (Bankr.W.D.N.Y.2003). Its application, however, is a different matter: When Faye E. McCreary executed a deed transferring her fee interest in property to her children, no expectancy interest was created. Rather, the deed transferred to her children a vested interest in property, albeit not a present interest, with Faye McCreary retaining a life estate interest in the property. 41 OHIO JUR. 3D *Estates, Etc.* § 45.

■ Under Ohio law, it established that a life estate is a freehold estate, not an estate of inheritance, whereby a tenant holds the property for his or her own life, or the lives of one or more other persons, with the fee then vesting in one or more remainderman at the death of the life-in-being. *Harper v. Ohio Society for Crippled Children, Inc.*, 158 N.E.2d 747, 750 (1959). Thus, with respect to the subject-property transfer, the Defendant, Faye McCreary, sits in the capacity of the life tenant, while the Debtor and her brother maintain vested remaindermen interests in their mother's property. Carried now a step further, the scope of estate property—defined with respect to "all legal or equitable interests of the debtor in property"—is very broad, and will include "all legally recognizable interests, including property not subject to possession until some future time." *Sicherman v. Ohio Public Employees Deferred Compensation Program (In re Leadbetter)*, 992 F.2d 1216 (Table), 1993 WL 141068 (6th Cir.1993). It is thus well-established that encompassed within estate property will be a debtor's vested remainder interest in a life estate, thereby making the Debtor's remainderman interest in her mother's property subject to administration by the Trustee. *See, e.g., Rose v. Carlson (In re Rose)*, 113 B.R. 534 (W.D.Mo.1990).

■ However, merely because property is included in the estate, does not confer upon the trustee any greater rights in the property than that held by the debtor; it has always been a tenant of bankruptcy jurisprudence that property limited in the hands of a debtor is similarly limited in the hands of the trustee. *Demczyk v. The Mutual Life Ins. Co. of New York (In re Graham Square, Inc.)*, 126 F.3d 823, 831 (6th Cir.1997). In this case therefore, since the Debtor's interest in the property is a remainder interest, subject to both the life-estate interest of her mother, as well as her brother's co-vested remainderman interest in the fee of the property, the Trustee likewise takes subjects to these interests. In turn, a trustee's ability to sell property under § 363(b)(1) generally takes subject to such constraints. *Calvert v Bongards Creameries (In re Schauer)*, 835 F.2d 1222, 1225 (8th Cir.1987) (§ 363(b)(1) does not authorize trustee to sell property contrary to the restrictions imposed by state law; it is simply an enabling statute that give the trustee the authority to sell or dispose of property if the debtors would have had the same right under state law).

■ For purposes of selling just the Debtor's remainderman interest, this does

1. This section provides:
 (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date-
 (A) by bequest, devise, or inheritance[.]

not create a problem. Under Ohio law, a remainderman interest is fully alienable. O.R.C. § 2131.04. It is also a well-established practice for a trustee to sell such an interest to satisfy the debts of the remainderman. *See, e.g., In re Weddle,* 43 B.R. 415 (Bankr.W.D.Va.1984).

■ However, the Court does not take the Trustee's action to be so confined. The Trustee states in her prayer for relief that she seeks an order from this Court permitting the subject "real estate to be sold free and clear of any liens, order the proceeds of such sale to the co-owners/Defendants listed above, including the estate of the Debtor...." (Doc. No. 1). That is, the Trustee seeks to compel a sale of the property itself, afterwards paying the nondebtor Defendants the value of their respective interests in the property.

The type of relief sought by the Trustee is governed by § 363(h) which provides:

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if-

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

This section thus permits the sale of property by the trustee in which both the debtor and a nondebtor maintain a property interest. But because of the rather harsh effect of this section—that of depriving a nondebtor of its property— § 363(h) limits the conditions under which a trustee may force the sale of the property.

■ First, as set forth prominently in paragraphs (1) through (4), § 363(h) requires that the factual conditions stated in each paragraph be satisfied, a burden which falls upon the trustee. *In re Prakope,* 317 B.R. 593, 602 (Bankr.E.D.N.Y. 2004). Yet, even prior to these factual determinations being made, certain legal threshold requirements must be met—with § 363(h) limiting its applicability to certain types of property interests. Specifically, a trustee may only compel the sale of property in which a nondebtor maintains an interest, if, at the time of the commencement of the case, the debtor held an undivided interest in the property, and only then if the undivided interest falls, as determined under applicable nonbankruptcy law, into one of these three categories: it is (1) a tenancy in common; (2) a joint tenancy; or (3) a tenancy by the entireties.

■ With respect to these constraints, the first, that of an undivided interest in property, denotes that each interest has a right in the whole of the property. In turn, this is a common attribute to those three categories of property set forth in § 363(h). *See* BLACK'S LAW DICTIONARY 1465–66 (6TH Ed.) A life estate, however, fits neither of these molds.

■ As previously set forth, a life estate is an estate in land, a freehold estate, whereby the life tenant is entitled to exclusive use and possession of the property to

the exclusion of others, with the remainderman entitled to the remnants of those interests not enjoyed by the life tenant. There is, however, no common or joint right of possession as between the life tenant and the remainderman; the life tenant may, subject to the doctrine of waste, exclude the remainderman interest from possession and use of the property. By comparison, those categories of property set forth in § 363(h) are not estates, but varieties of co-tenancies in a single estate, with each owner having a contemporaneous right to the use and enjoyment of the property. The life estate thus differs from those three categories of property set forth in § 363(h) by not only being an estate in its own right, but by dividing the right to exclusive use of the property by time. 41 OHIO JUR. 3D *Estates, Etc.* § 57.

These distinctions are more than academic. With a life estate, partition is not allowed under state law as between the life tenant and the remainderman as each interest is a separate estate. On the other hand, partition is generally permissible with those three categories of co-owner interests set forth in § 363(h). 41 OHIO JUR. 3D *Cotenancy.* §§ 62–63. Thus, § 363(h)'s delineation of property into three limited categories may be read as merely an extension of this principle to the bankruptcy context. At the very least, given the great dissimilarities between a life estate and those three categories of co-ownership specified in § 363(h), it can only be concluded that the exclusion of a life estate from § 363(h) was not simply accidental. The canon of *expressio unius est exclusio alterius* therefore applies (to express or include one thing implies the exclusion of another). *See United States v. Vonn,* 535 U.S. 55, 65, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (the canon has force when the items expressed are members of an "associated group or series," justifying the inference that items not mentioned

were excluded by deliberate choice, not inadvertence).

Other courts have come to the same conclusion: *Geddes v. Livingston (In re Livingston),* 804 F.2d 1219 (11th Cir.1986), holding that the trustee could sell the debtor's life estate and contingent remainder, along with the wife's life estate as a tenant in common, but could not force a sale of the wife's contingent remainder in survivorship; *Rubin v. Burns (In re Burns),* 73 B.R. 13 (Bankr.W.D.Mo.1986), life tenants and remaindermen are not co-owners having undivided interests who are intended to be the subjects of § 363(h); *In re Independence Village,* 52 B.R. 715 (Bankr.E.D.Mich.1985), in dictum, mentioning that § 363(h) does not authorize sale of the interests of life tenants.

■ Based then on this analysis, the Court must conclude that § 363(h) does not permit the Trustee, as the successor to the Debtor's remainderman interest, to sell the property in which the Debtor's mother currently maintains a life estate interest. However, this decision in no way prohibits the Trustee from seeking to sell the Debtor's remainderman interest in the property free and clear of the Debtor's brother who, also having a remainderman interest in the property, would simply be a co-owner for purposes of § 363(h). But to the extent the Trustee seeks such relief, issues pertaining to those factual determinations set forth in paragraphs (1) through (4) of § 363(h) must still be made. As such, the Trustee will be afforded the opportunity to review this case in light of this Court's decision.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Motion for Summary Judgment filed by the Plaintiff/Trustee, Patricia Kovacs, be, and is hereby, DENIED IN PART; and that the Motion for Summary Judgment filed by the Defendant/Debtor, Barbara Sargent, be, and is hereby, GRANTED IN PART.

It is ***FURTHER ORDERED*** that the Trustee, Patricia Kovacs, report to the Court within 21 days, commencing from the entry of this order, if further action is needed in this matter.

It is ***FURTHER ORDERED*** that the Defendant, Faye E. McCreary, is hereby Dismissed as a party defendant.